**LYDECKER**
Michael I. Goldman, Esq.
One Evertrust Plaza, Suite 701
Jersey City, New Jersey 07302
Tel: 201-676-7692
Fax: 201-676-7693
mgoldman@lydecker.com
*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Helisha Moore, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>-vs-<br><br>Cohn Lifland Pearlman Herrmann & Knopf, LLP; and Christina N. Stripp,<br><br>Defendants. | Civil Action No. 3:23-cv-00833 (MAS)(LHG)<br><br>CIVIL ACTION<br><br>Motion Day: April 17, 2023 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

On the Brief:
Michael I. Goldman, Esq.

                                      **LYDECKER**
                                      1 Evertrust Plaza, Suite 701
                                      Jersey City, New Jersey 07302
                                      Tel: 201-676-7692
                                      Fax: 201-676-7693
                                      *Attorneys for Defendants*

## **TABLE OF CONTENTS**

**PAGE NOS**.

**TABLE OF AUTHORITIES**……………………………………………………….. ii

**PRELIMINARY STATEMENT**……………………………………………………… 1

**STATEMENT OF FACTS**……………………………………………………….. 2

**LEGAL ARGUMENT**……………………………………………………………. 3

    I.      **LEGAL STANDARD**……………………………………………….. 3

    II.     **PLAINTIFF'S COMPLAINT IS TIME-BARRED BY THE STATUTE OF LIMITATIONS**……………………………………….. 4

    III.    **THE COURT SHOULD DISMISS THE UNJUST ENRICHMENT CLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION**……………………………………………………… 7

**CONCLUSION**…………………………………………………………………….. 7

# TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page**

Ashcroft v. Iqbal, 556 U.S. 622 (2009) ............................................................... 3

Bell Atl. Corp. v. Twombly, 550 U.S. (2007) ................................................................3

Crison v. City of Camden, No. 1:11-2087, 2012 WL 685874, (D.N.J. March 2, 2012). . 4

Destefano v. Udren Law Offices PC, 802 F. App'x 688 (3d Cir. 2020) ...........................5

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ...............................................3

Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277 (3d Cir. 1993) ....................7

Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997) ................................................................5

Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326 (D.N.J. 2009) ..........................6

Peterson v. Portfolio Recovery Assocs., LLC, 430 F. App'x 112 (3d Cir. 2011) ..............5

Philips v. Cnty of Allegheny, 515 F.3d 224 (3d Cir. 2008) ...............................................3

Robertson v. Johnson, 313 F.3d 128 (3d Cir. 2002)...........................................................4

Rothman v. City of Northfield, 716 F. Supp. 2d 369 (D.N.J. 2010)...................................7

Rotkiske v. Klemm, 140 S. Ct. 355 (2019) ........................................................................5

Schaffhauser v. Citibank, 340 F. App'x 128 (3d Cir. 2009) ...........................................5, 6

Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014) ................................................................4

United Mine Workers v. Gibbs, 383 U.S. 715 (1966) .......................................................7

**Rules:**

Fed R. Civ. P. 12(b)(6).............................................................................................. 1,3,4,7

**Statutes:**

15 U.S.C. § 1692 et seq................................................................................................. 5, 6

15 U.S.C. § 1692k(d) ................................................................................................... 6

28 U.S.C. § 1367 .......................................................................................................... 9

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted on behalf of Defendants, Cohn Lifland Pearlman Herrmann & Knopf, LLP and Christina N. Stripp (hereinafter "Defendants"). On or about January 10, 2023, Plaintiff filed the instant action against Defendants in the Superior Court of New Jersey, Mercer County Law Division. On February 15, 2023, Defendants removed the case to the District of New Jersey. Plaintiff's Complaint sets forth two causes of action for violations of the Fair Debt Collection Practices Act and for unjust enrichment. Defendants now move to dismiss Plaintiff's Complaint pursuant to the Federal Rule of Civil Procedure 12(b)(6) as the Plaintiff's Complaint is untimely.

Based upon the allegations as set forth in Plaintiff's Complaint this action was filed after the expiration of the Fair Debt Collection Practices Act's one-year statute of limitations. Plaintiff's claim under the FDCPA is time-barred. Additionally, to the extent the Court dismisses the FDCPA claim, the sole federal cause of action, then the Court should also dismiss the unjust enrichment claim based upon lack of supplemental jurisdiction. As such, Defendants respectfully request that the Court grant the within Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**STATEMENT OF FACTS**

Plaintiff Helisha Moore alleges that on August 22, 2014, she entered into an automobile loan agreement with USAlliance Federal Credit Union ("USAFCU") in the amount of $16,317.12, which was used to purchase a 2012 Chevrolet Cruze ("Vehicle"). (See Certification of Michael I. Goldman ("Goldman Cert."), Ex. A – Cmplt., at ¶ 10.) Mr. Moore was unable to make payments on the loan with USAFCU in January 2016, or earlier. (See Goldman Cert., Ex. A – Cmplt., at ¶ 14.) Ms. Moore defaulted on the loan on May 11, 2016. (See Goldman Cert., Ex. A – Cmplt., at ¶ 15.) On July 25, 2016, USAFCU repossessed the vehicle after accelerating the loan. (See Goldman Cert., Ex. A – Cmplt., at ¶ 18.)

On or about July 29, 2016, USAFCU sent Ms. Moore a Redemption Notice letter, which provided Plaintiff with the right to redeem the Vehicle if she paid $3,024.79 by August 8, 2016. (See Goldman Cert., Ex. A – Cmplt., at ¶ 20.) On or about October 18, 2016, USAFCU sent Ms. Moore a deficiency letter informing her that the vehicle was sold on July 25, 2016, for $4,800.00 and that on October 18, 2016, a Plaintiff owed a balance of $12,386.45. (See Goldman Cert., Ex. A – Cmplt., at ¶¶ 23-24.)

On or about August 23, 2021, Defendants on behalf of USAFCU initiated a collection lawsuit in the Superior Court of New Jersey, Mercer County Law Division against Ms. Moore to collect the auto loan entitled USAlliance Federal Credit Union v. Helisha Moore, under docket number MER-L-1735-21 (the "Debt Collection action"). (See Goldman Cert., Ex. A – Cmplt., at ¶ 39.) Defendants served the Summons and Complaint in the Debt Collection action on Plaintiff on October 4, 2021. (See Goldman Cert., Ex. B – Affidavit of Service in MER-L-1735-21.) Defendants subsequently obtained a Default Judgment on behalf of USAFCU against Ms. Moore in the Debt Collection action, and a Writ of Execution against wages was entered on May 11, 2022.

(See Ex. A – Cmplt., at ¶ 57.) On August 8, 2022, Plaintiff moved to vacate the default judgment and wage execution in the Debt Collection action. (See Ex. A – Cmplt., at ¶ 62.) The court granted Plaintiff's motion on August 26, 2022. (See id.) The Debt Collection action is still ongoing.

Plaintiff alleges that Defendants prosecuted the Debt Collection action when the statute of limitations applicable to auto loan debt had expired. (See Ex. A – Cmplt., at ¶ 68.) Plaintiff further alleges that the amount which Defendants attempted to collect from Plaintiff includes amounts not permitted by law. (See Ex. A – Cmplt., at ¶ 70.) Plaintiff asserts that the debt collection procedures employed by Defendants were in violation of the Fair Debt Collection Protection Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (See Ex. A – Cmplt., at ¶¶ 72-73.)

Plaintiff filed her Complaint against Defendants on January 10, 2023, more than one year after Defendants commenced the underlying Debt Collection action. (See ECF No. 1-1.) As set forth herein, Plaintiff's FDCPA claim is barred by the applicable statute of limitations.

## LEGAL ARGUMENT

### I. LEGAL STANDARD

The aforementioned claims asserted in Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted for those causes of action. In considering a motion under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the pleader. Philips v. Cnty of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). In applying the pleading standard set forth in Bell Atl. Corp. v. Twombly and Ashcroft v. Iqbal, a district court will first "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusion." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Next, the Court will "determine whether the

facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (citing Iqbal, 556 U.S. at 679).

This Circuit permits a statute of limitations defense to be raised by a motion under Rule 12(b)(6). Robertson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). If the bar is apparent on the face of the complaint, then it should be dismissed. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). In ruling on Defendant's motion to dismiss based on the expiration of the statute of limitations, the Court must first determine: (1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of action; and (4) when the statute began to accrue for Plaintiff's claim. Crison v. City of Camden, No. 1:11-2087, 2012 WL 685874, at *3 (D.N.J. March 2, 2012).

Based upon the facts contained in Plaintiff's Complaint, Plaintiff's action is time-barred by the statute of limitations, as the Complaint was filed on or about January 10, 2023, after the statute had expired.

## II. PLAINTIFF'S COMPLAINT IS TIMED-BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's Complaint alleges violations of the Fair Debt Collection Protection Act, 15 U.S.C. § 1692 et seq. However, Plaintiff's filed the Complaint after the FDCPA's one-year statute of limitations. More specifically, Plaintiff's filed the within Complaint in the Superior Court of New Jersey, Mercer County, more than one-year after the underlying Debt Collection action was filed on August 23, 2021. As a result, Plaintiff's FDCPA claim is untimely, and must be dismissed as a matter of law.

Under 15 U.S.C. § 1692k(d), an action to enforce a violation of the FDCPA may be brought in any appropriate district court "within one year from the date on which the violation occurs." Id. As the Supreme Court has explained, it "is clear from the face of §1692k(d)'s text: [t]he FDCPA

4

limitations period begins to run on the date the alleged FDCPA violation actually happened." Rotkiske v. Klemm, 140 S. Ct. 355, 360 (2019) (internal quotations omitted). In Rotkiske, the Defendant law firm filed a debt collection action on behalf of a credit card company against the Plaintiff debtor in January 2009; the law firm attempted service at an address where the defendant no longer lived, and someone other than the defendant accepted service. Id. at 359. When the Plaintiff debtor learned about the underlying lawsuit more than six years later, he filed an FDCPA claim against the law firm alleging that the debt collection action was commenced after the state-law limitations period for the debt collection expired and therefore, violated the FDCPA. Id.

The Defendant law firm moved to dismiss the FDCPA claim as barred by the one-year statute of limitations. Id. The district court dismissed the action, which was subsequently affirmed by the Third Circuit. Id. The Supreme Court stated that the text of §1692k(d) clearly states that an FDCPA action "may be brought … within one year from the date on which the violation occurs" and held that such language unambiguously sets the date of the violation as the event that starts the one-year limitations period. Id. at 360; see also Schaffhauser v. Citibank (S.D.) N.A., 340 F. App'x 128, 130 (3d Cir. 2009).

In this instance, the statute of limitations began to run on Plaintiff's claim on August 23, 2021, the date that the underlying Debt Collection action was filed against her. (See Ex. A – Cmplt., at ¶ 39.) See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir. 1997) ("Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable."); see also Peterson v. Portfolio Recovery Assocs., LLC, 430 F. App'x 112, 115 (3d Cir. 2011) (citing Naas with approval in finding that a FDCPA complaint was time-barred); Destefano v. Udren Law Offices PC, 802 F. App'x 688, 691 (3d Cir. 2020) (finding that the FDCPA statute of limitations began to run when the foreclosure action was initiated, not when the

5

plaintiff received service of process for the foreclosure action). Based on the foregoing, the statute of limitations for Plaintiff to bring an FDCPA claim expired on August 23, 2022. Plaintiff did not file the within FDCPA claim until January 10, 2023, more than four (4) months after the statute of limitations expired on August 22, 2023. Moreover, even if the statute of limitations began to run when the Summons and Complaint was served on Plaintiff in the Debt Collection action, the statute of limitations for the FDCPA claim would have expired on October 4, 2022. (See Ex. B – Affidavit of Service in MER-L-1735-21.) Plaintiff's claim is clearly barred by the statute of limitations.

Moreover, there is no other date beyond August 23, 2021 that could be considered the date that Plaintiff's FDCPA claim accrued. In Schaffhauser, the Third Circuit declined to extend the continuing violation doctrine to the plaintiff's FDCPA claim. Schaffhauser, 340 F.Appx. at 131. Moreover, citing the Naas decision, the Court in Schaffhauser stated that there is no support for the content that participation in ongoing debt collection litigation qualifies as a "continuing violation" of the FDCPA. Id. Subsequent debt collection actions in the within matter, including filing the default judgment motion on January 10, 2022, cannot serve as a "continuing violation" so as to bring this action within the one-year limitation period. As illustrated in Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326 (D.N.J. 2009), "[t]he course of litigation is not, in itself, a 'continuing violation' of the FDCPA. For defendants' litigation conduct to be actionable, [the FDCPA plaintiff] must offer proof that any particular action taken was a violation of the FDCPA, independent of the act of filing suit." Id. at, 341 (internal quotations and citation omitted).

Plaintiff has not alleged any debt collections actions independent from the Debt Collection action and/or subsequent to its filing. The statute of limitations bar on Plaintiff's FDCPA claim is clear on the face of the Complaint. Defendants commenced the underlying Debt Collection action against Plaintiff on August 23, 2021. (See Ex. A – Cmplt., at ¶ 39.) Plaintiff did not file the within

FDCPA claim until January 10, 2023. As a matter of law, the Court must dismiss Plaintiff's FDCPA claim as untimely under the applicable statute of limitations.

### III. THE COURT SHOULD DISMISS THE UNJUST ENRICHMENT CLAIM FOR LACK OF SUPPLEMENTAL JURISDICTION

Lastly, to the extent the Court dismisses the FDCPA claim against Defendants, then it should also dismiss the remaining unjust enrichment claim for lack of supplemental jurisdiction. While the Court has original jurisdiction over Plaintiff's FDCPA claim, it must exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c).

When all federal claims have been dismissed from an action, "the district court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims." Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing Lentz v. Mason, 961 F. Supp 709, 717 (D.N.J. 1997)). Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993). If the Court dismisses the FDCPA claim, the Court should also exercise its discretion and dismiss the remaining unjust enrichment claim.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

7

*/s/ Michael I. Goldman, Esq.*
Michael I. Goldman, Esq.
Lydecker
One Evertrust Plaza, Suite 701
Jersey City, New Jersey 07302
Tel: 201-676-7692
Fax: 201-676-7693
mgoldman@lydecker.com
*Attorneys for Defendants*

Dated: March 16, 2023