**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELISHA MOORE, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>COHN LIFLAND PEARLMAN HERRMANN & KNOPF, LLP and CHRISTINA N. STRIPP,<br><br>Defendants. | Civil Action No. 23-833 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Cohn Lifland Pearlman Herrmann & Knopf LLP ("CLPHK") and Christina N. Stripp's ("Stripp") (together, "Defendants") Motion to Dismiss Plaintiff Helisha Moore's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 5.) Plaintiff opposed (ECF No. 13), and Defendants replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

I.      **BACKGROUND**[2]

On August 22, 2014, Plaintiff entered into an automobile loan agreement with USAlliance Federal Credit Union ("USAFCU") in the amount of $16,317.12. (Compl. ¶ 10, ECF No. 1-1.) Plaintiff used the money from this loan to purchase a 2012 Chevrolet Cruze. (*Id.*) Around January 2016, Plaintiff stopped making payments on her loan due to unforeseen financial circumstances. (*Id.* ¶ 14.) On May 11, 2016, Plaintiff defaulted on her loan, and upon default, a cause of action to enforce the debt accrued. (*Id.* ¶¶ 15-16.)

On July 25, 2016, USAFCU repossessed the car after accelerating the loan. (*Id.* ¶¶ 17-18.) Four days later, USAFCU mailed Plaintiff a redemption notice which stated that she would have the right to redeem the car if she paid USAFCU $3,074.29 by August 8, 2016. (*Id.* ¶¶ 19-20.) On October 18, 2016, USAFCU sent Plaintiff a deficiency letter informing her that the car had been sold on July 25, 2016 for $4,800.00 and that she owed a balance of $12,386.45. (*Id.* ¶¶ 23-24.) USAFCU sold the car for $1,775.21 more than it told Plaintiff she could redeem the car for two months earlier, and the deficiency balance was $9,361.66 more than the amount initially listed on the redemption notice. (*Id.* ¶¶ 26-28.)

On August 23, 2021, Defendants, on behalf of USAFCU, filed a collection lawsuit against Plaintiff ("the Collection Lawsuit") in the Superior Court of New Jersey, Mercer County Law Division, to collect on the deficiency. (*See* Compl. ¶ 39; Compl. Ex. D.) On January 10, 2022, Defendants moved for default judgment ("Motion for Default Judgment") in the Collection Lawsuit in the amount of $28,489.51, alleging that they were entitled to an additional $11,354.81 in interest and $4,748.25 in attorneys' fees. (*See* Compl. ¶¶ 41-44; Compl. Ex. E.) On May 11,

---

[2] In considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2022, Defendants were granted default judgment, and a Writ of Execution against Plaintiff's wages was entered. (Compl. ¶ 57.) Plaintiff then filed a motion to vacate the default judgment and wage execution for improper service, which was granted on August 26, 2022. (*Id.* ¶ 62.) The Collection Lawsuit is still ongoing. (*Id.* ¶ 78.) The Collection Lawsuit was filed more than four years after the deficiency letter was sent, and more than five years after Plaintiff's alleged default on her car loan. (*Id.* ¶ 33.)

On January 10, 2023, exactly one year after the Motion for Default Judgment, Plaintiff filed the instant Complaint. (*Id.* ¶ 1.) Plaintiff asserts two causes of action against Defendants: violations of the Fair Debt Collection Practices Act ("FDCPA") and unjust enrichment. (*See generally* Compl.) Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Court. (*Id.* ¶ 78.)

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). In the end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff alleges two causes of action against Defendants: (1) violation of the FDCPA and (2) unjust enrichment. (Compl. ¶¶ 93-108.) In moving to dismiss, Defendants contend that Plaintiff's FDCPA claim is barred by the statute of limitations, and as such, the Court should dismiss Plaintiff's FDCPA claim and decline supplemental jurisdiction over Plaintiff's state-law unjust enrichment claim. (*See* Defs.' Moving Br. 4, 7, ECF No. 5-1.) For the following reasons, the Court agrees with Defendants and grants Defendants' Motion to Dismiss.

Generally, the Rules require that defendants plead a statute of limitations defense in an answer, rather than in a motion to dismiss. *See Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). But in this circuit, courts allow limitations defenses to be raised in Rule 12(b)(6) motions "when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). That being said, "[i]f the bar is not apparent on the face of the complaint,

4

then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978). When deciding a Rule 12(b)(6) motion based on the expiration of the statute of limitations, the Court must analyze: "(1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of action; and (4) when the statute began to accrue for Plaintiff's claim." *Crisdon v. City of Camden*, No. 11-2087, 2012 WL 685874, at *3 (D.N.J. Mar. 2, 2012).

### A. Count I: Violations of the FDCPA

In Count I, Plaintiff alleges violations of the FDCPA. (Compl. ¶ 101.) Under 15 U.S.C. § 1692k(d), an action to enforce a violation of the FDCPA may be brought in any appropriate district court "within one year from the date on which the violation occurs." Importantly, the statute of limitations for the FDCPA violations begins to run "on the date the alleged FDCPA violation actually happened." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (U.S. 2019).

Plaintiff cites Defendants' January 10, 2021, Motion for Default Judgment as the most recent FDCPA violation and argues that it constituted a separate and independent violation distinct from the initiation of the underlying Collection Lawsuit. (Pl.'s Opp'n Br. 2, ECF No. 13.) Moreover, Plaintiff maintains that even if the Motion for Default Judgment did not constitute an independent violation, the continuing violation doctrine should apply. (*Id.* at 15.) Defendants contend that the only plausible date for the most recent alleged FDCPA violation is August 23, 2021, when the underlying Collection Lawsuit was initiated. (Defs.' Moving Br. 4.) The Court agrees with Defendant.

*First*, Defendants' Motion for Default Judgment does not constitute an independent FDCPA violation because it was an inevitable consequence of the Collection Lawsuit. In support

5

of her position that the Motion for Default Judgment is an independent violation, Plaintiff highlights that "[f]or [D]efendants' litigation conduct to be actionable, [Plaintiff] must offer proof that any particular act taken was a violation of the FDCPA, independent of the act of filing suit." (Pl.'s Opp'n Br. 9 (quoting *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 341 (D.N.J. 2009).) Plaintiff then summarily declares that the Motion for Default Judgment "is proof positive of an action taken by Defendants independently of the act of filing suit and in violation of the FDCPA." (*Id.*) The Court notes, however, that the Motion for Default Judgment was filed in pursuit of the same goal as the initial filing of the Collection Lawsuit: the seeking of a judgment on Plaintiff's owed debt. There is nothing "independent" about the Motion for Default Judgment. The additional $926.06 sought by Defendants in the Motion for Default Judgment is merely a natural continuation of the Collection Lawsuit. *See Parker*, 650 F. Supp. 2d at 341 (emphasizing that "[t]he course of litigation is not, in itself" enough to constitute an independent violation of the FDCPA).[3]

*Second*, the continuing violation doctrine does not apply to this claim. As noted, "the course of litigation is not, in itself, a continuing violation of the FDCPA." *Parker*, 650 F. Supp. 2d at 341.

---

[3] Neither of the cases that Plaintiff relies on to support her assertion that the Motion for Default Judgment should be considered a separate violation are persuasive. In *Qureshi*, this Court held that claims arising from a default judgment application were not time-barred because they constituted a separate violation than the collection action complaint where the alleged subsequent FDCPA violation was the impermissible attachment of a partially redacted check to the default judgment application. *Qureshi v. OPS 9, LLC*, No. 14-1806, 2015 WL 6407883, at *3 (D.N.J. Oct. 21, 2015). Here, unlike *Qureshi*, where a redacted check was introduced, the alleged second violation is the difference in the amount sought between the filing of the Collection Lawsuit and the Motion for Default Judgment, which was merely an updated request for damages that were already alleged in the initial complaint. (Compl. ¶ 50.) The matter at hand is also distinguishable from *Skinner*. *Skinner* involved a "discrete and particular act" of communication (specifically, a threatening letter) which allegedly violated the FDCPA even though prior violative communications fell outside the statute of limitations. *Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478 (D.N.J. 2012). Unlike in *Skinner*, here, there was no "discrete and particular act" because the additional sum requested was merely a natural continuation of the ongoing Collection Lawsuit.

The court in *Schaffhauser* "decline[d] to extend the doctrine" of continuing violation to participation in an ongoing debt collection lawsuit and noted that the continuing violation doctrine is traditionally limited in scope to the employment discrimination context. *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130-31 (3d Cir. 2009). Extending the continuing violation doctrine to these circumstances would be unprecedented. *Id.* at 131 (citing *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)). The doctrine of continuing violation, therefore, is inapplicable here.

Accordingly, the Court dismisses Count I.

**B.     Count II: Unjust Enrichment**

In Count II, Plaintiff brings state-law claims of unjust enrichment and disgorgement. (Compl. ¶ 108.). When all federal claims against a party have been dismissed from an action, "the district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims." *Rothman v. City of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing *Lentz v. Mason*, 961 F. Supp 709, 717 (D.N.J. 1997)). Since the Court has dismissed Plaintiff's FDCPA claim, the Court will also decline to extend jurisdiction to this claim.

The Court, accordingly, dismisses Count II.[4]

---

[4] Plaintiff argues, in its opposition to Defendants' motion to dismiss, that if the Court declines to extend jurisdiction over the state law claim, "the appropriate remedy would be a remand." (Pl.'s Opp'n Br. 16.) As the Court is declining to exercise supplemental jurisdiction, the appropriate remedy to preserve Plaintiff's state law claim is to dismiss it without prejudice. Plaintiff is free to re-file her unjust enrichment claim in state court if she so chooses. *See* N.J. Stat. Ann. § 2A:14-1 (2022) (providing that the statute of limitations for unjust enrichment claims in New Jersey is six years).

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE