**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HELISHA MOORE,<br><br>      Plaintiff,<br><br>    v.<br><br>COHN LIFLAND PEARLMAN<br>HERRMANN & KNOPF, LLP *et al.*,<br><br>      Defendants. | Civil Action No. 23-833 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Defendants Cohn Lifland Pearlman HerrmanN & Knopf, LLP, and Christina N. Stripp's ("Defendants") motion to dismiss Plaintiff Helisha Moore's ("Plaintiff") amended complaint (ECF No. 17). (ECF No. 20.) Plaintiff opposed (ECF No. 21), and Defendants replied (ECF No. 22). After consideration of the parties' submissions, the Court decides Defendants' motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Defendants' motion is granted.

**I. BACKGROUND**

  The Court adopts its previous factual recitation from its June 28, 2023 Opinion dismissing Plaintiff's original Complaint. (Op. 2-3, ECF No. 15.) Accordingly, in considering the instant motion, the Court recounts its previous findings and Plaintiff's factual amendments.

### A. The Court's Previous Opinion

The Court previously found that Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim was barred by the statute of limitations.[1] (*Id.* at 4.) In so finding, the Court rejected Plaintiff's contention that a motion for default judgment (the "Default Judgment Motion") filed by Defendants in a state court debt-collection proceeding (the "Collection Proceeding") constituted an "independent [FDCPA] violation" rendering Plaintiff's FDCPA claim timely. (*Id.* at 5.) Instead, the Court found that: (1) the Default Judgment Motion was an "inevitable consequence" of the Collection Proceeding and therefore did not constitute an independent violation of the FDCPA within the statute of limitations; and (2) the continuing violation doctrine did not apply to Plaintiff's FDCPA claim because "the course of litigation is not, in itself, a continuing violation of the FDCPA." (*Id.* at 6.)

After making the above findings, the Court allowed Plaintiff an opportunity to amend her original Complaint. (Order, ECF No. 16.) Plaintiff then timely filed her Amended Complaint. (Am. Compl., ECF No. 17.)

### B. Plaintiff's Amendments

Plaintiff's Amended Complaint remains largely unchanged but for the expansion of certain allegations relating to a writ of execution (the "Writ") Defendants filed in the Collection Proceeding. (*See generally* Am. Compl., ECF No. 17.) Specifically, Plaintiff avers that on March 30, 2022, "Defendants served Plaintiff with an information [s]ubpoena" threatening contempt if Plaintiff did not comply. (*Id.* ¶ 59.) About a month later, on April 28, 2022, Plaintiff alleges that Defendants, "relying upon the information Plaintiff provided in the Information Subpoena," filed

---

[1] Upon making this finding, the Court declined supplemental jurisdiction over Plaintiff's state-law unjust enrichment claim. (Op. 7.)

an Application for Wage Execution. (*Id.* ¶ 60.) The Application was approved by the Superior Court Judge, and the Writ was entered against Plaintiff's wages on May 11, 2022. (*Id.* ¶ 62; *see also* Ex. I, ECF No., 17-9.[2]) Between July 10, 2022 and August 20, 2022, and pursuant to the Writ, Plaintiff's employer garnished $422.32 of Plaintiff's wages. (*Id.* ¶¶ 63-67.) Plaintiff alleges, however, that Defendants failed to properly serve her with of copy of the Writ. (*See id.* ¶ 68.) Instead, Plaintiff avers, Defendants left a copy with Plaintiff's mother. (*Id.* ¶ 69; *see* Ex. J, ECF No. 17-10 (showing an Affidavit of Service for the Writ being served upon Plaintiff's mother with the box checked that a copy of the Affidavit was left "with a competent household member over 14 years of age residing therein.").) As a result of this allegedly improper service, on August 8, 2022, Plaintiff moved to vacate the default judgment and wage execution that were enforced against her. (*See id.* ¶ 72.) Plaintiff's motion was granted shortly thereafter. (*Id.*)

On the strength of the new allegations listed above, in addition to the other allegations set forth in the original Complaint and recited in the Amended Complaint, Plaintiff reasserts two causes of action: (1) various theories of FDCPA violations; and (2) unjust enrichment. (*Id.* ¶¶ 104-19.) Plaintiff contends that these claims are timely as they arise from the Writ and Default Judgment Motion. (Pl.'s Opp'n Br. 8-9, ECF No. 21.)

## II.     LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6),[3] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

---

[2] The Court considers Plaintiff's exhibits that are attached to her Complaint and are "integral to or explicitly relied upon" therein. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). In the end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. **DISCUSSION**

Defendants move to dismiss contending that Plaintiff's new allegations as to the Writ do not establish an independent violation of the FDCPA sufficient to render Plaintiff's FDCPA claims timely. (Defs.' Moving Br. 5-6, ECF No. 20-4.) Plaintiff, on the other hand, both: (1) doubles down on her previous contention that the Default Judgment Motion was an independent violation of the FDCPA that occurred within the statute of limitations; and (2) submits that the Writ also independently violated the FDCPA within the statutory period. (Pl.'s Opp'n Br. 9.) Perplexingly,

despite exclusively amending her Complaint to add allegations related to the Writ, Plaintiff provides very little briefing or case law to support her contention that the Writ is an independent violation of the FDCPA. (*See generally id.*) Instead, Plaintiff largely uses her opposition brief to relitigate her contention that the Default Judgment Motion was an independent violation of the FDCPA. (*See generally id.*)

Importantly, Plaintiff's opposition to Defendants' motion to dismiss is not an opportunity to move to reconsider the Court's previous decision.[4] Accordingly, the Court need only focus on assessing Plaintiff's second contention, i.e., whether the Writ filed in the Collection Proceeding, which was filed and executed within the FDCPA's statute of limitations, constitutes an independent violation of the FDCPA.[5]

Plaintiff appears to contend that because the Writ was improperly served upon her mother, and not her, the Writ's execution constitutes an independent violation of the FDCPA. (Pl.'s Opp'n

---

[4] Even if the Court did construe Plaintiff's opposition as a motion for reconsideration, Plaintiff's arguments are no more than an attempt "for a second bite at the apple" which is not permissible even when a party properly moves for reconsideration. *Est. of Jennings v. Delta Air Lines, Inc.*, No. 15-962, 2017 WL 401945, at *2 (D.N.J. Jan. 30, 2017) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998)).

[5] Plaintiff spends much of her opposition brief rearguing that Defendants' amendment to the damages amount they sought in moving for default judgment in the Collection Proceeding constitutes an FDCPA violation. (*See* Pl.'s Opp'n Br. 4-5, 9.) With respect to this continued contention, the Court directs Plaintiff to its previous Opinion and again rejects Plaintiff's attempt to relitigate this issue.

Br. 5-6.)[6] This argument fails, however, because ineffective service of litigation papers is not, in and of itself, a violation of the FDCPA. For "litigation conduct to be actionable, [a plaintiff] must offer proof that any particular act taken was a violation of the FDCPA independent of the act of filing suit." *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 341 (D.N.J. June 30, 2009) (citing *Schaffhauser v. Burton Neil & Assocs.*, No. 05-2075, 2008 WL 857523, at *3 (M.D. Pa. Mar. 27, 2008)). Upon the Court's independent review of case law, it is true that in the Third Circuit the FDCPA may apply to "litigation-related activities that do not include an explicit demand for payment when the general purpose is to collect payment," such as a writ of garnishment. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266-67 (3d Cir. 2013) (collecting cases). It also appears to be the case that certain types of impropriety, such as fraud or abusive behavior during litigation may, in fact, constitute FDCPA violations as a matter of law. *See id.* Importantly, however, it does not appear that the improper service of litigation papers, without more, qualifies as an FDCPA violation in this vein.

Notably, Plaintiff does not cite any case law to support her assertion that improper service of the Writ, or any motion papers for that matter, constitutes a violation of the FDCPA. (*See generally* Pl.'s Opp'n Br.) Critically, the little relevant case law there is on this topic

---

[6] The Court emphasizes the dearth of legal support that Plaintiff provides for why ineffective service upon her mother falls within the FDCPA's protections. Congress enacted the FDCPA to provide "a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practice by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (citation omitted). Based on the allegations in the Amended Complaint and review of exhibits cited by Plaintiff and that are integral to the Amended Complaint, it appears that Defendants attempted to serve the Writ on Plaintiff at the right address and in accordance with applicable rules. (*See generally* Am. Compl. (failing to articulate any motivation for, or fraudulent or abusive intent in, serving the Writ on Plaintiff's mother at an address that Plaintiff was previously associated with); *compare* Ex. J (showing that Defendants attempted to serve Plaintiff at an address in Trenton, New Jersey) *with* Ex. G, ECF No. 17-7 (listing as her address, on a document filled out and signed by Plaintiff, that same address in Trenton, New Jersey that Defendants attempted to serve the Writ upon).)

comprehensively comes to the opposite conclusion: ineffective service of a default judgment motion or writ of garnishment does not, in and of itself, constitute a violation of the FDCPA.[7] As such, this Court cannot find that Defendants' improper service of the Writ constitutes an independent violation of the FDCPA capable of rendering Plaintiff's FDCPA claims timely.

Finding nothing else in Plaintiff's Amended Complaint or briefing that suggests an independent violation of the FDCPA occurred within the statute of limitations for her FDCPA claim, Plaintiff's FDCPA claim is again dismissed without prejudice as untimely. Plaintiff will be provided one more opportunity to amend her complaint with allegations sufficient to establish a timely independent violation of the FDCPA.[8]

---

[7] District courts across the country, including this Court, routinely find that the ineffective service of collection proceeding papers does not violate the FDCPA. *See Moore v. Fein, Such, Kahn & Shepard, P.C.*, No. 12-1157, 2012 WL 3945539, at *5 (D.N.J. June 13, 2012) (collecting authorities running contrary to the plaintiff's assertion that "incorrect service of process, the institution of a levy in accordance with the execution of default judgment, or the incurring of a bank fee resulting from such a levy constitute[s] 'unfair and unconscionable' conduct under" the FDCPA); *Mandelas v. Gordon*, 785 F. Supp. 2d 951, 956 (W.D. Wa. 2011) (indicating that the court could find "no authority supporting [the plaintiff's] contention that pursuing a collection action based on facially correct but factually ineffective return of service is unfair or unconscionable under the FDCPA"); *Coleman v. Berman & Rabin, P.A.*, No. 14-1090, 2015 WL 4524599, at *5 (E.D. Mo. July 27, 2015) (finding that where there was no attempt at all to serve "an invalid default judgment and a garnishment against [the] plaintiff," the plaintiff could state a claim under the FDCPA, but only while also noting that "ineffective service *alone*" cannot serve as the basis for an FDCPA claim (citation omitted)); *Pierce v. Steven T. Rosso, P.A.*, No. 01-1244, 2001 WL 34624006, at *2 (D. Minn. Dec. 21, 2001) (finding that a defendant debt-collector's failure to strictly abide by local service rules does not fall within the purview of the FDCPA and concluding that "[t]he court is unconvinced that ineffective service alone provides a legal basis to sustain a claim that the FDCPA has been violated."); *Whitehead v. Discover Bank*, 221 F. Supp. 3d 1055, 1062 (E.D. Wis. 2016) ("[E]ven if service on [a plaintiff] was improper as a matter of [state] law, it [does] not result in a violation of . . . the FDCPA").

[8] For the reasons stated in the Court's previous Opinion, the Court does not reach Plaintiff's state-law unjust enrichment claim because Plaintiff's federal cause of action is dismissed and, accordingly, the Court declines supplemental jurisdiction over Plaintiff's state-law claim.

## IV.   CONCLUSION

For the reasons outlined above, Plaintiff's amended complaint is dismissed without prejudice. An appropriate order will follow.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**